**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| JANE DOE 3, BY AND THROUGH HER LEGAL GUARDIAN PARENT, JANE ROE 3,<br><br>Plaintiff,<br><br>v.<br><br>X.AI CORP., X.AI LLC, AND X CORP.,<br><br>Defendants. | **CIVIL ACTION**<br>**5:26-cv-05193-TLB** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSED MOTION FOR TEMPORARY STAY OF PROCEEDINGS PENDING JPML DECISION ON TRANSFER**

Defendants X.AI Corp., X.AI LLC, and X Corp. respectfully move this Court to enter a temporary stay of the proceedings in this action until the Judicial Panel on Multidistrict Litigation ("JPML") renders a decision in *In re: x.AI/Grok Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 3205 (J.P.M.L. 2026), on whether to transfer this case into federal Multidistrict Litigation ("MDL") for coordinated or consolidated proceedings under 28 U.S.C. § 1407. Counsel for Plaintiff filed the JPML motion and requested consolidation of this and various other actions. A stay would promote judicial economy while the JPML considers the pending transfer motion, which will be fully briefed by November 3, 2026 and likely set for argument on December 3, 2026.

**INTRODUCTION**

This action is one of at least 13 related federal lawsuits in which the plaintiffs claim that, by designing and releasing Grok—a generative artificial-intelligence model—Defendants bear responsibility for the unlawful content generated by certain users on the Grok platform. Each

suit alleges that users leveraged Grok's capabilities and evaded its safeguards to generate sexualized images of other individuals. Currently, there are eight cases pending in this district, and five in the Northern District of California.

This Court should stay proceedings in this case pending a ruling by the JPML on a motion to consolidate and transfer all 13 federal actions to this district that was filed on October 2, 2026 by Plaintiff's counsel. *See* Corrected Mem. in Support of Transfer Mot., *In re: x.AI/Grok Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 3205, ECF No. 2 at 1. Because the JPML will ultimately decide the appropriate forum for the MDL, a brief stay while the JPML evaluates the pending motion to transfer is necessary to promote judicial economy and avoid unnecessary rulings or filings.

A stay will cause minimal, if any, prejudice to Plaintiff, especially since Plaintiff's counsel filed the consolidation motion. Defendants currently expect that the JPML will resolve the pending motion expeditiously. On October 6, 2026, the JPML issued a briefing schedule that concludes on November 3, 2026. *In re: x.AI/Grok Artificial Intelligence Minor Sexual Exploitation Litig.*, MDL No. 3205, ECF No. 5. Defendants expect that oral argument will be heard at the JPML's December 3, 2026 hearing, and the "JPML strives to issue its orders within two weeks of the hearing session." Karen K. Caldwell, *Inside the JPML*, 108 Judicature 78, 80 (2024). Accordingly, Defendants expect a likely decision on the transfer motion by December 2026.

Denying a stay would undermine the core purpose of an MDL: to ensure that cases proceed in a coordinated fashion in a manner that promotes judicial economy. That is why "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *see e.g.*, *JBR, Inc. v. Keurig Green Mountain, Inc.*, 2014 WL 1767701, at *3 (E.D. Cal. May 2, 2014) (concluding that "judicial economy. . . weighs in favor of a stay" pending the JPML's decision on a motion to transfer and consolidate); *Lopez v. Tyson Foods,*

*Inc.*, 2008 WL 4186242, at *2 (D. Neb. Sept. 8, 2008) (same); *Krejce v. Merck & Co.*, 2008 WL 824269, at *1 (E.D. Mo. Mar. 25, 2008) (same). There is no reason to treat this case differently.

## BACKGROUND

Plaintiff filed this action on August 6, 2026, contending that Defendants are liable for the creation of nonconsensual sexualized images by a user of Defendants' artificial-intelligence tool, Grok. *See* ECF. No. 2 ¶¶ 1–10. This action is one of at least 13 actions making similar allegations pending in federal courts. On October 2, 2026, Plaintiff's counsel—representing a plaintiff in a related case—moved to transfer and consolidate all related lawsuits in this district. *See* Corrected Mem. in Support of Transfer Mot., *In re: x.AI/Grok Artificial Intelligence Minor Sexual Exploitation Litig.*, No. MDL 3205, ECF No. 2 at 1. On October 6, 2026, the JPML set a briefing schedule for the transfer motion, which will be fully briefed on November 3.

Defendants intend to support the formation of an MDL. On October 7, 2026, Defendants conferred with Plaintiff about their request to stay the case. Despite requesting the JPML to consolidate pre-trial proceedings of all related federal actions before this Court, Plaintiff opposes the requested stay.

## ARGUMENT

Defendants respectfully request that the Court briefly stay pre-trial proceedings and deadlines in this and the four related actions while the JPML considers Plaintiff counsel's pending motion to transfer and consolidate. This Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts routinely grant stays under similar circumstances as this, where a ruling by the JPML regarding whether to transfer a case is imminent. *See Lopez*, 2008 WL 4186242, at *2. In determining whether to grant a stay pending the JPML's decision on a transfer motion, courts consider three factors, all of which support a stay in this instance: (1) the judicial resources conserved by avoiding duplicative litigation if the cases are in fact consolidated; (2) potential prejudice to the non-moving party; and (3) hardship and inequity to

the moving party if the action is not stayed. *Rivers*, 980 F. Supp. at 1360. "The most important [stay] factor is judicial economy." *Johnson v. Starbucks Corp.*, 2018 WL 3159689, at *2 (N.D. Cal. June 28, 2018) (quoting *Stuart v. Daimler-Chrysler Corp.*, 2008 WL 11388470, at *3 (E.D. Cal. Dec. 23, 2008)).

## I. A BRIEF STAY IS NECESSARY TO PROMOTE JUDICIAL ECONOMY.

Courts routinely stay cases pending decisions by the MDL panel because "the purpose of [JPML] transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings," *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998), and a stay pending the JPML's decision on Plaintiff's counsel's motion "would preserve the resources of this Court" if the JPML ultimately "determines transfer is appropriate," *Emerson v. Lincoln Elec. Holdings, Inc.*, 2009 WL 690181, at *2 (W.D. Mo. Mar. 12, 2009). Moreover, "the clear majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved[,] as well as the possibility of inconsistent pretrial rulings." *Brawner v. Bank of Am., N.A.*, 2009 WL 10688000, at *1 (D. Kan. Dec. 21, 2009) (internal quotation marks omitted).

The case for a stay is compelling here. The JPML will ultimately decide the appropriate jurisdiction for any MDL, and it "retains unusually broad discretion to carry out its functions." *In re Wilson*, 451 F.3d 161, 173 (3d Cir. 2006) (internal quotation marks omitted); *see also* 28 U.S.C. § 1407(a) (authorizing the JPML to transfer actions "to any district"). And like all of the related cases, this case is still in its early stages. Thus, any pretrial determinations by this Court that may occur prior to a decision by the JPML to form an MDL may be superseded or modified by the transferee court. If an MDL is formed, the transferee court will decide all pretrial procedural matters "that otherwise would have been handled by the transferor court." *In re Korean Air Lines Co.*, 642 F.3d 685, 699 (9th Cir. 2011). This often includes determinations about whether parties are required "to file consolidated amended complaints superseding original ones," appointment of lead plaintiffs' counsel, and other similar case management matters. *Id.;*

*In re Bard IVC Filters Prods. Liability Litig.*, 603 F. Supp.3d 822, 831 (D. Ariz. 2022). Because a "transferee court in a multi-district litigation . . . has the power to modify interlocutory orders entered by the transferor court prior [to] the transfer under 28 U.S.C. § 1407," it would be prudent to stay this case until the JPML decides whether such decisions should be made in the context of an MDL. *Degulis v. LXR Biotechnology, Inc.*, 928 F. Supp. 1301, 1309 (S.D.N.Y. 1996).

Further, the purpose of the MDL statute is to consolidate actions like this one in a single court to "promote the just and efficient conduct of such actions" and better serve "the convenience of parties and witnesses." 28 U.S.C. § 1407(a). Defendants face a growing number of factually similar cases involving highly sensitive claims across multiple federal and state jurisdictions. A stay would allow all parties time to fully brief the transfer motion and present oral arguments, if necessary. "[D]eferring certain matters until the panel has the opportunity to rule on transfer . . . provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system." *Calder v. A.O. Smith Corp.*, 2004 WL 1469370, at *1 (D. Minn. June 1, 2004); *see also Rivers*, 980 F. Supp. at 1360–62.

For these reasons, a "stay will preserve judicial resources" by preventing the waste of judicial resources on parallel litigation across multiple fora. *Johnson*, 2018 WL 3159689, at *3. Regardless of the ultimate forum, the MDL court should be the one to make preliminary rulings in all the transferred matters. And if an MDL is not formed, the brief two-month stay will not have caused any prejudice to the parties.

## II. DENYING A STAY WOULD PREJUDICE DEFENDANTS.

Denying a stay would prejudice Defendants by forcing them to litigate the same issues in multiple fora simultaneously when those cases could very well end up before an MDL court shortly. *See, e.g.*, *Dellutri v. McKesson Corp.*, 2017 WL 8161081, at *2 (C.D. Cal. Jan. 23, 2017) (granting stay pending transfer based on "potentially significant" hardship to Defendants of "litigating the same matters in state courts, federal courts, and an MDL"); *Lessard v. Volkswagen Grp. of Am., Inc.*, 2016 WL 3004631, at *2 (D. Minn. May 24, 2016) (granting stay

pending transfer after finding Defendant had "demonstrated a risk that it will suffer significant hardship" based on "duplicate[d] efforts and waste[d] resources"). Defendants will be forced to defend these suits in multiple actions, across multiple courts, and in compliance with multiple disparate scheduling orders. Defendants will also be obligated to respond to complaints that may substantially change after an MDL is formed.

Meanwhile, parallel litigation poses the risk of inconsistent rulings on pre-trial matters, including but not limited to protective order requirements, pseudonymity, scheduling, and discovery. *See, e.g.*, *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013) (granting stay and noting that "if the instant cases are not stayed pending a decision on transfer by the JPML, Defendants may face the risk of inconsistent pre-trial rulings on Plaintiff's motions to remand"); *N.M. State Invest. Council v. Alexander*, 317 B.R. 440, 446 (D.N.M. 2004) (granting stay pending transfer because "Defendants also face the risk of inconsistent rulings"). Without a stay pending the JPML's decision, conflicting rulings across the various cases "might disrupt the functions of the [f]ederal courts" and needlessly cause the parties and the Court to waste resources on procedural matters. *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230 (9th Cir. 2006). And because the transferee court will harmonize briefing efforts and the discovery program for all cases, it may "modify or rescind any orders in effect in the transferred case which it concludes are incorrect." *In re: Grand Jury Proceedings (Kluger)*, 827 F.2d 868, 871 n. 3 (2d Cir. 1987). Any work done prior to the JPML's decision on the transfer motion could thus be mooted and relitigated post-transfer.

The great weight of authority thus favors staying this case pending the JPML's decision on the pending transfer motion. This Court should issue a stay to ensure consistent rulings on shared issues and avoid prejudice to Defendants. *See Lessard*, 2016 WL 3004631, at *2.

## III. A STAY WILL CAUSE MINIMAL, IF ANY, PREJUDICE TO PLAINTIFF.

Finally, Plaintiff has no compelling reason why a stay would substantively prejudice Plaintiff here. To start, Plaintiff's counsel moved to transfer and consolidate these cases in this district in the first place, clearly indicating a preference for coordinated pre-trial proceedings.

But even if the case is ultimately not transferred, the delay in proceedings in this Court would be minimal.

First, the litigation is in its early stages. This lack of substantive pretrial activity thus minimizes any harm or inconvenience to Plaintiff. *See Christensen v. Target Corp.*, 2014 WL 1224966, at *2 (D. Utah Mar. 24, 2014) (finding that the non-moving party would not be prejudiced by a stay where the litigation was "still in its early stages").

Second, any stay is very likely to be brief, as Defendants anticipate the JPML will decide the pending motion in approximately two months. "[I]n 'most cases the [JPML] decides the matter before it within a short period after arguments are held or after the briefing is completed if the parties waive oral argument.'" *Johnson*, 2018 WL 3159689, at *2 (quoting Multidistrict Litig. Manual § 4:27). Because there is no reason to think the JPML will proceed any less expeditiously here, a stay from this Court is likely to operate only for a brief period. *See, e.g.*, *Estate of Hoholek v. AbbVie, Inc.*, 2014 WL 7205586, at *3 (N.D. Ind. Dec. 17, 2014) (concluding that any delay to proceedings would be "slight" given that "a decision on whether this case will also be transferred is expected shortly"); *Hood ex rel. Miss. v. Bristol-Myers Squibb Co.*, 2013 WL 30098, at *2 (N.D. Miss. Jan. 2, 2013) (granting motion to stay, reasoning that there would be no prejudice from a stay of "approximately three months," the time in which the JPML was expected to issue a final transfer decision); *Fowler v. Hamilton Med. Ctr., Inc.*, 2008 WL 11336192, at *2 (N.D. Ga. May 7, 2008) (holding that parties opposing stay pending transfer to MDL would suffer "little, if any, prejudice from such a short stay" of a few months). And "even if a temporary stay could be characterized as a delay that would be prejudicial to [Plaintiff]," judicial economy nevertheless "outweigh[s] any prejudice to [Plaintiff]." *Rivers*, 980 F. Supp. at 1362 n.5.

This Court should not undertake resolution of the issues presented in this case—which are shared with various similar pending actions in other districts—before the JPML has had a chance to render a decision on the pending transfer motion. If the transfer motion is granted,

such issues can be uniformly resolved by whatever Court the JPML may designate. If the motion is denied, proceedings will resume in this Court after a minimal period of time.

**CONCLUSION**

Defendants respectfully request that this Court temporarily stay all proceedings in this case, including the deadline for responsive pleadings, pending a decision on transfer of this case by the Judicial Panel on Multidistrict Litigation.

Dated: October 8, 2026

Respectfully submitted,

By: /s/ Glenn Larkin

QUATTLEBAUM, GROOMS & TULL PLLC
John E. Tull III (84150)
Glenn Larkin (2020149)
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701
jtull@qgtlaw.com
glarkin@qgtlaw.com

*Counsel for SpaceX.AI Corp. (f/k/a X.AI Corp.), SpaceX.AI LLC (f/k/a X.AI LLC), and X Corp.*

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide notice of such filing to all counsel of record.

/s/ Glenn Larkin
Glenn Larkin